IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN GIBBS )<br>)<br>    Plaintiff, )<br>) CIVIL ACTION NO.<br>  v. )<br>) 5:17-CV-287[TJM/DEP]<br>)<br>WHOLESALE CARS ONLINE.COM, ) COMPLA I NT<br>L.L.C. D/B/A SUN AUTO )<br>WAREHOUSE ) JURY TRIAL DEMAND<br>)<br>    Defendant. | |

_____

## NATURE OF THE ACTION

On behalf of Plaintiff Kevin Gibbs, (referred to hereinafter as "Plaintiff" or "Kevin Gibbs"), for his complaint against Wholesale Cars Online.Com, LLC, (referred to hereinafter as "Defendant" or "Employer" or "Sun Auto Warehouse") states and alleges as follows:

### Jurisdiction and Venue

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. ("Title VII") insofar as Defendant, by and through authorized agents, discriminated against Plaintiff on the basis of sex discrimination, sexual harassment and retaliation for opposing sex discrimination and sexual harassment in the workplace.

2. This Court has original jurisdiction over this action, and each count, pursuant to 28 U.S.C. § 1331.

3. Venue of this action in the United States District Court for the Northern District of New York is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff was employed and subjected to employment discrimination by Defendant in Onondaga County, New York, and within the Northern District of New York, and a substantial part of the events giving rise to these claims, occurred in said locale.

4. All conditions precedent to the filing of this lawsuit have been met. Plaintiff timely filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR") on 1/19/2016 alleging unlawful discriminatory practices in relation to employment because of sex, sexual harassment and retaliation in the workplace.

5. In a Determination dated 07/11/2016, the NYSDHR found "Probable Cause" to support the allegations of Plaintiff's NYSDHR Complaint.

6. Thereafter, Plaintiff duly sought a "Right To Sue" letter from the United Stated Equal Employment Opportunity Commission, which he later received, dated December 13, 2016 (Attached hereto as Exhibit "**A**").

7. Plaintiff files the instant Complaint within 90 days from his receipt of the "Right To Sue Letter" dated December 13, 2016.

8. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of New York, Syracuse Division.

9. The employment practices complained of herein were intentional and malicious in nature.

**PARTIES**

10. Plaintiff, Kevin Gibbs, a male and resident of Onondaga County, was at relevant times hereto, an employee as "Service Manager" of Defendant Sun Auto at its facility located in Cicero, New York, Onondaga County, where he was hired on or about June 9, 2015 until his termination on 8/10/2015.

11. Defendant, Wholesale Cars Online.com, LLC, (referred to hereinafter as "Defendant" or "Employer" or "Sun Auto Warehouse") is a domestic Limited Liability Company which employed Plaintiff at times relevant to this Complaint, as a "Service Manager" at its facility located in Cicero, New York, Onondaga County, where it is within the jurisdiction of the Northern District of New York, and has continuously had at least 15 employees.

12. Sun Auto Warehouse has continuously been an employer engaged in an industry affecting commerce under Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

**STATEMENT OF CLAIMS**

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

14. Defendant has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964. ("Title VII") and more specifically, gender discrimination, sexual harassment and retaliation.

15. More specifically, shortly after being hired, Plaintiff's co-worker Ken Borroughs informed Plaintiff that he had been accused of sexually harassing one of Plaintiff's female subordinates by the name of Jessica Nowakowski.

16. In describing to Plaintiff the background of those allegations, Mr. Borroughs, upon information and belief, referred to Ms. Nowakowski as a "cunt", a "bitch", and other gender-specific, sexually explicit offensive terms which Plaintiff found unwelcome and highly

offensive. Plaintiff, thereafter, routinely observed sexually explicit and highly offensive language used to describe Jessica Nowakowski, who was employed as a subordinate to Plaintiff.

17. Plaintiff reported to Paul Tirinato, who occupied the position of "Service Director".

18. Shortly after Mr. Burroughs used the foregoing offensive terms to describe Ms. Nowakowski, Plaintiff duly complained to Mr. Tirinato, his supervisor, that a female employee had been referred to in sexually explicit and highly offensive terms by Mr. Burroughs and at least one other employee.

19. However, Tirinato failed to take adequate corrective action, and thereafter, Burroughs and another employee by the name of Samuel Waite, and other employees continued to refer to Ms. Nowakowski using sexually explicitly and derogatory gender specific terms on several more occasions. The conduct was sufficiently pervasive and outrageous as to become tantamount to a hostile work environment.

20. Plaintiff complained about the foregoing outrageous conduct, which was becoming pervasive and repetitive to his supervisor on several occasions, yet Plaintiff observed no intervention by Defendant to stop this sexually degrading behavior in the workplace which Plaintiff was forced to "live with".

21. Plaintiff raised with Mr. Tirinato the possibility of terminating the employment of Mr. Burroughs and Mr. Waite, and of otherwise disciplining the two for their horrific behavior, only to be explicitly prohibited from doing so by Tirinato. Therefore, Plaintiff was prepared to do Defendant's duty, of stopping sexual harassment and a hostile work environment in the workplace but was affirmatively stopped from doing so by Defendant. The harassment continued.

22. On August 10, 2015, Defendant, by and through its CEO Dominick Mollica confronted Plaintiff about his friendship with Ms. Nowakowski. Defendant admitted to Plaintiff that it had essentially spied on Plaintiff, and that it had observed Ms. Nowakowski's car parked at Plaintiff's home. Plaintiff readily and unapologetically admitted that he and Ms. Nowakowski maintained a friendship, but explicitly denied that the relationship was violative of any workplace policy or that the relationship was in any way sexual or intimate.

23. On that same day, Defendant, by and through its CEO Dominick Mollica, asked Plaintiff if he was "banging" Ms. Nowakowski. He exclaimed to Plaintiff: "C'mon, I'm a guy, she's fuckin' hot, you can tell me." (Paraphrased).

24. Plaintiff found the foregoing sexually explicit allegations to be highly offensive, unwelcome and tantamount to a hostile work environment since it was "more of the same" behavior that he had become accustomed to at the workplace.

25. Defendant summarily terminated Plaintiff's employment at the aforementioned meeting on August 10, 2015.

26. Plaintiff was terminated from employment in direct retaliation for having opposed particularly horrific sexual harassment and a hostile work environment in the workplace.

27. The NYSDHR investigation revealed that Plaintiff duly complained about the sexual harassment/hostile work environment to his supervisor, Service Director Paul Tirinato, and further concluded, in pertinent part: "…a Service Director who becomes aware of the alleged sexual harassment would be obligated to take action to address the problem, as this would place Respondent [Defendant] on notice that this behavior is allegedly occurring.

28. As the NYSDHR found, there is "…no evidence that the Complainant [Plaintiff] acted in violation of any formal policy or directive by the respondent [Defendant]. Although the

respondent has the prerogative of terminating an employee based on perceived inappropriate conduct, the complainant's discharge happened within the context of the workplace environment in which sexual comments had allegedly been tolerated from other employees, and in which the complainant had allegedly reported sexual harassment of the female subordinate to the respondent's Service Director."  (See NYSDHR Determination, attached as Exhibit "**B**", which is incorporated herein by this reference).

29.     The termination from employment was retaliatory insofar as Defendant was punishing Plaintiff for having duly opposed sexual harassment and hostile work environment in the workplace.

30.     The reason Defendant gave Plaintiff for his termination – violation of a fraternization policy - was pure pretext insofar as Plaintiff did not violate any such policy (to the extent it even exists) and insofar as friendships between employees is not prohibited and insofar as their exists temporal and other circumstantial evidence from which to infer that the termination was retaliatory in nature.

31.      In addition, the unlawful employment practices complained of above were intentional.

32.     Significant anxiety and stress to Plaintiff resulted from the foregoing discrimination and retaliation. Plaintiff is entitled to compensation for the emotional distress he suffered as a result of Defendant's actions described above.

33.     The unlawful employment practices and retaliation complained of herein above were intentional, and malicious in nature for which Defendant is vicariously responsible.

34.     The unlawful employment practices complained of herein above were done with malice or with reckless indifference to the federally protected rights of Plaintiff, who was

harassed, discriminated against, and retaliated against for having engaged in the protected activity of opposing discrimination in employment.

35.     The present Complaint shall have been filed in the Federal District Court, Northern District of New York, fewer than 90 days after receiving the Right To Sue letter from the Equal Employment Opportunity Commission.

36.     Plaintiff hereby incorporates by reference each and every allegation and averment made above as though fully set forth herein.

37.     As a direct and proximate result of Defendant's discrimination, harassment and retaliation against Plaintiff for opposing discrimination, Plaintiff has suffered damages in an amount to be determined at trial, including, but not limited to, lost promotion opportunities, related fringe benefits, and other forms of compensation, as well as loss of employment, loss of career opportunity and advancement, in amounts yet to be determined, but reasonably believed to exceed jurisdictionally required amounts .

## **PRAYER FOR RELIEF**

**Wherefore**, the Plaintiff respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from mistreating, or terminating qualified individuals from employment due to sex discrimination or retaliation.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities to all employees, and which protect employees from unlawful discrimination, and retaliation for engaging in protected acts.

C.     Order Defendant Employer to make whole Kevin Gibbs by providing appropriate back pay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant Employer to make whole Kevin Gibbs by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein-above, in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Kevin Gibbs by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices, including the harassment, discrimination and retaliation complained of herein-above, which caused emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant Employer to pay punitive damages to Kevin Gibbs in an amount that will adequately punish Defendant for its malicious and intentional discrimination and retaliation.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by its Complaint.

                                              Respectfully Submitted,

                                              S:// James D. Hartt
                                              **JAMES D. HARTT, ESQ.,**
                                              **Attorney For Plaintiff-Admitted to**
                                              **Practice in NDNY Federal Court**

                                              **70 Linden Oaks, Third Floor**
                                              **Rochester, NY 14625**
                                              **Telephone: (585) 490-7100**
                                              **Fax: (585) 425-0579**

ORIGINAL of the foregoing was
filed this 13th Day of March, 2017 with:
The Clerk of the Federal District Court
Northern District New York District, Syracuse Division